602 So.2d 1108 (1992)
In the Matter of the SUCCESSION OF Virginia King THOMAS. consolidated with
In the Matter of the SUCCESSION of Eads Poitevant THOMAS.
No. 91 CA 1049.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Philip J. Shaheen, Baton Rouge, W.D. Atkins, New Orleans, for plaintiff-appellant Philip J. Shaheen and representing Jeffrey Thomas.
J. Huntington Odom, Ben F. Day, William J. Doran, Baton Rouge, for defendantappellee Janice T. LaGrone, Co-Executor of Succession.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
This is an appeal of sanctions imposed upon appellant, Philip Shaheen, pursuant to La.Code Civ.P. article 863(D). Shaheen is one of the attorneys involved in this succession by virtue of his representation of one of the co-executors, Jeffrey Thomas. The pleading for which sanctions were imposed by the trial court was a Rule to Show Cause by which Thomas sought to compel the sale of succession property, and to compel *1109 the other co-executor, his sister, Janice Thomas LaGrone, to pay one-half of an insurance policy premium. The rule was filed after Thomas had appealed a ruling of the trial court authorizing the sale of that same property, leading the trial court to find that it no longer had jurisdiction over the matter, pursuant to La.Code Civ.P. article 2088, and that Thomas' Rule to Show Cause was filed in violation of article 863.

FACTS
This is a consolidated succession. The decedents, Virginia King Thomas and her husband, Eads Poitevant Thomas, died within six months of each other in 1984. Two of their children, Jeffrey Thomas and Janice Thomas LaGrone, remain co-executors of the estate. A third child, Gerald Thomas, was removed by the court as a coexecutor. Gerald Thomas' interest in his parents' succession was seized by a creditor, Phyllis Griffin.
In 1990, Jeffrey Thomas and LaGrone each petitioned the court for authority to sell the succession's sole remaining asset, the family home in Baton Rouge. LaGrone had found a buyer, Mr. Myrt Tugwell, who offered to pay $40,000 for the property. Thomas opposed this petition for private sale with his own petition and offer to purchase the property for $41,000. The trial judge held a consolidated hearing on the petitions on March 30, 1990, at which his ruling became the starting gun for a race to the clerk's office. The judge ruled, believing he had the parties' assent, that the first party depositing $42,000 in the registry of the court could purchase the property.
Tugwell made it to the clerk's office first, only minutes before Thomas. Thomas then appealed the trial court's ruling, first suspensively and then devolutively when the court set the appeal bond at over $62,000. During the pendency of the appeal, Thomas filed a Rule to Show Cause in which he sought to compel the completion of the authorized sale to Tugwell, or, in the alternative, that he be allowed to purchase the house. Additionally he sought to force LaGrone to pay half of the premium on the insurance policy covering the house. This latter issue was settled, by agreement of the parties, at the hearing on the rule.
LaGrone, Tugwell, and Phyllis Griffin were served with this Rule to Show Cause. The defendants-in-rule filed a consolidated response in which they denied the ability of the court to act due to La.Code Civ.P. article 2088. The parties also raised other objections to the Rule to Show Cause with which we need not concern ourselves because the trial court found that it lacked jurisdiction over the matter under article 2088. Coupled with their multi-faceted objection to Thomas' Rule to Show Cause was a request by LaGrone, Tugwell, and Griffin that both Thomas and his attorney, Shaheen, be sanctioned for the frivolous rule, pursuant to La.Code Civ.P. article 863. The trial court agreed to this last request at a later hearing after finding that no plausible argument could be advanced to support the trial court's continued jurisdiction over the matter that had been appealed (i.e., the authorization to sell the house to Tugwell).
Following an extensive hearing, at which the attorneys for the respondents-in-rule testified about the reasonableness of the attorneys' fees they requested as the measure of sanctions, the trial court found, even though there was merit to the request that LaGrone be compelled to pay insurance premiums, that Thomas' Rule to Show Cause, on the whole, violated article 863(B). The trial court then held Shaheen solely liable for the attorneys' fees sanctions imposed, pursuant to article 863(D), in the amount of $2,695.00.

ASSIGNMENTS OF ERROR
Shaheen assigns as error the following:
"1. The trial court erred in its Judgment that it did not have jurisdiction over the property subject matter of the Rule to Show Cause.
2. The trial court erred in its Judgment that Philip J. Shaheen violated the provision of 863 of the Louisiana Code of Civil Procedure.

*1110 3. The trial court erred when it allowed unreasonable attorney fees under the circumstances."

DISCUSSION
This court recently adopted a twotiered standard of review when examining a sanctions award. The factual determination by the trial court that La.Code Civ.P. art. 863 was, or was not, violated is reviewed on appeal under the "manifest error" or "clearly wrong" standard as utilized by the appellate courts to review factual findings. However, once the trial court finds a violation of article 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the "abuse of discretion" standard. Adib Shahla and Alemar Corporation v. City of Port Allen, 601 So.2d 746 (La.App. 1st Cir.1992) on the docket of the First Circuit Court of Appeal, decided May 22, 1992. Additionally, because article 863 was amended in 1988 to track the language and purposes of Fed.Rule Civ.P. 11, Louisiana courts can look to federal jurisprudence as an aid in interpreting the extent and purpose of article 863.

I
In oral reasons, the trial court stated that while there was merit to that portion of the Rule to Show Cause seeking to compel the payment of insurance premiums, there was no plausible theory to justify the court's exercise of jurisdiction over the disputed sale. The court relied on La.Code Civ.P. art. 2088, which the court felt indisputably divested it of jurisdiction over the matter. Shaheen has offered both the trial court and this court only vague justification for his position that the trial court retained jurisdiction over the matter and that the rule was legally tenable.[1]
In order to impose sanctions, a trial court must first find that one of the affirmative duties imposed by article 863(B) has been violated. La.Code Civ.P. art. 863(D). The certification required by paragraph B of the article is, from a grammatical reading of the paragraph, a four-part certification, the violation of any part of which would fatally infect the entire certification. The first part of the certification is that an attorney has read the pleading. The second part is that to the best of the attorney's knowledge, information, and belief formed after reasonable inquiry that the pleading is well grounded in fact. Thirdly, the attorney must certify that the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fourth, and lastly, the attorney certifies that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
The attorneys for LaGrone, Tugwell, and Griffin did assert other objections to Thomas' Rule to Show Cause, but it was for a violation of the third part of paragraph B's certification that the trial court agreed that sanctions were due. Thus, it can no longer be asserted that Shaheen violated any provision of the paragraph, other than the third. However, we need not address, in this case, the merits of the question, whether the Rule to Show Cause was legally tenable, in our examination of the trial court's ruling for an abuse of discretion because article 863 applies to the pleading as a whole, not to an isolated ground for support contained within it. As we have seen above, the trial court felt that one part of the Rule to Show Cause was justified *1111 where Thomas requested that LaGrone be compelled to pay one-half of an insurance premium on the family home.
Louisiana's Fourth Circuit Court of Appeal has held that where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Loyola v. A Touch of Class Transportation, 580 So.2d 506, 513 (La.App. 4th Cir. 1991). The United States Court of Appeals for the Ninth Circuit has, more circumspectly, stated:
... Rule 11 does not apply to the mere making of a frivolous argument. The Rule permits the imposition of sanctions only when the `pleading, motion, or other paper' itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous. Nothing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified. In short, the fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated.
Golden Eagle Distributing Corporation v. Burroughs Corporation, 801 F.2d 1531, 1540-1541 (9th Cir.1986). Thus, we find that Shaheen was improperly sanctioned with attorney's fees for LaGrone.
Tugwell and Griffin, however, argue that even though the relief sought in the rule could in no way have been enforced against them, Thomas improperly had them named and served as defendants-in-rule, requiring them to hire attorneys to defend themselves. This, they argue, requires a finding that Thomas' rule, separately, violates article 863 with respect to them. And, indeed, a plain reading of the Golden Eagle rule, quoted above, would not afford Shaheen any relief from a sanctions award where all of the relief requested was unenforceable against the party named and served. However, it could be argued that Tugwell as the prospective purchaser and Griffin as a creditor of Gerald Thomas were at the least probably necessary parties to any proceedings to attempt to force the sale of the property.
Therefore, for the above and foregoing reasons, we find the trial court manifestly erroneous in finding a violation of article 863.
Our finding, above, obviates consideration of Shaheen's first and third assignments of error, and we pretermit them.

CONCLUSION
Therefore, for the above and foregoing reasons the judgment of the trial court casting attorney Philip J. Shaheen liable for attorneys' fees, as a sanction for the violation of La.Code Civ.P. art. 863, is reversed. Costs of this appeal are assessed against the defendants-in-rule-appellees.
REVERSED AND RENDERED.
GONZALES, J., concurs.
NOTES
[1] During oral argument of this case, counsel for Phyllis Griffin stated that but for the appeal taken by Thomas he would not have felt that the Rule to Show Cause was sanctionable. This is because there would be no other way for Thomas to move the sale along in order to preserve the property. Thomas has consistently asserted that this was his purpose in filing the rule. However, Thomas' appeal of the judgment authorizing the sale was devolutive. This means that there was no impediment to the execution of the judgment under La.Code Civ.P. art. 2088. The defendants-in-rule requested sanctions because Thomas was requesting, additionally, that the trial court reform the judgment to allow him to purchase the property if LaGrone could not defeat the rule. This, they assert, is beyond the retained jurisdiction of the trial court to execute an appealed judgment.