630 So.2d 1338 (1994)
MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT dba Morehouse General Hospital, Plaintiff-Appellant,
v.
Sharon Kay PETTIT and Nathan Pettit, Defendants-Appellees.
No. 25396-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*1340 Rankin, Yeldell, Herring & Katz by Richard A. Bailly, Bastrop, for appellant, Morehouse Parish Hosp.
C. Daniel Street, Monroe, for appellees, Sharon Kay Pettit and Nathan Pettit.
Blaine Adkins, Monroe, for appellee, C. Daniel Street.
Before MARVIN, SEXTON and BROWN, JJ.
SEXTON, Judge.
The plaintiff/creditor appeals a partial summary judgment in favor of the defendant/debtors dismissing plaintiff's suit on open account. Plaintiff also here appeals a separate judgment awarding sanctions against plaintiff and its attorney as a result of an amending petition filed against the defendants' attorney on the same basis. The defendants answer seeking dismissal of the entire suit and additional attorney fees as sanctions. We amend the trial judge court judgment with respect to the partial summary judgment to reject all of plaintiff's demands. We affirm the judgment awarding sanctions.
At issue in this appeal are disputed interpretations of obligations incurred in a letter agreement between the two defendant/debtors and the plaintiff creditor. The agreement was reached by letters exchanged between the parties' attorneys after suit on open account was filed by the plaintiff/creditor. In the agreement, plaintiff agreed to dismiss the suit in exchange for a promissory note executed by the defendant/debtors. Defendants gave plaintiff the note, but plaintiff never dismissed the suit. Then, several years after the note was given, plaintiff amended and supplemented its original petition alleging the promissory note as an alternative basis for recovery. Plaintiff also added debtors' attorney as a defendant based upon allegations that the attorney promised to pay the plaintiff when recovery was made in a separate lawsuit filed by defendants. The trial court partially granted debtors' motion for summary judgment by dismissing creditor's claim to the extent it was not based upon the promissory note. Additionally, the trial court granted the defendant attorney's motion for summary judgment and a motion for sanctions filed by the attorney against the creditor and its attorney. Creditor appeals these judgments and is joined by its attorney in appealing the award of sanctions. Debtors answer the appeal seeking dismissal of the entire suit as prayed for in their original motion for summary judgment. Debtors' attorney also requests an award of additional attorney fees for defense of the trial court's award of sanctions on appeal.
On August 3, 1987, Morehouse Parish Hospital d/b/a Morehouse General Hospital (hereinafter "plaintiff") filed suit on open account against Sharon Kay Pettit and her husband, Nathan Pettit (hereinafter "defendants"), to recover the sum of $3,068.36, plus legal interest, attorney fees and court costs. The charges arose out of medical services provided to Sharon Pettit, the payment of which were guaranteed by Nathan Pettit.
Defendants answered the suit with a general denial; however, in a letter dated August 13, 1987 from their attorney, Mr. C. Daniel Street, to plaintiff's attorney, Mr. Alex Rankin, defendants requested that the plaintiff forebear prosecution of the claim until they obtained a monetary recovery in a medical malpractice claim against a Dr. Nobles. It was Dr. Nobles' alleged malpractice, defendants said, that generated the medical bills in question. In that letter, Mr. Street, attorney for the Pettits, stated: "The bills of Morehouse General Hospital have been included in those claims and we will certainly pay them as soon as any recovery has been made." (Emphasis added.)
Mr. Street and Mr. Rankin exchanged several letters thereafter wherein an agreement was reached regarding the debt. On August 25, 1987, after informing his client of Mr. Street's request for delay, Mr. Rankin sent Mr. Street a letter in which he stated: "I *1341 have been advised that if your clients would sign a promissory note, in the amount of $3,068.36, providing for interest at the rate of 12% per annum, and agree that the debt would be paid within a year from now, the current suit will be dismissed." (Emphasis added.) Mr. Rankin further stated that "[w]e would waive any right we have at this time to attorney's fees, but would want an attorney fee provision included in the note, in case we had to sue on the note at a later date." (Emphasis added.)
On October 1, 1987, Mr. Street sent Mr. Rankin a promissory note which was signed by Sharon and Nathan Pettit on September 30, 1987 for the total amount of the outstanding bills and under the terms requested by Mr. Rankin in his August 25th letter.
On October 5, 1987, Mr. Rankin sent Mr. Street a letter acknowledging receipt of the note and the agreement. Mr. Rankin also reaffirmed the parties' understanding of the agreement stating: "I write this to make it clear that it is our understanding, based on your letter of August 13, 1987, that the Pettits will pay the Morehouse General Hospital bill `as soon as recovery has been made.'" (Emphasis added.) After receiving this letter, Mr. Street wrote "Accepted" at the bottom of the letter, signed his name, and returned the letter to Mr. Rankin.
The plaintiff never dismissed the suit against the Pettits. Although the Pettits settled their suit with Dr. Nobles in September of 1990, no payment for the hospital bills in question was disbursed. It turns out that the hospital bills in the instant suit were not part of the demand in the defendants' suit against Dr. Nobles, as Mr. Street had previously thought. The hospital bills in the case at bar, although owed to the same institution by Mr. Street's clients, apparently were unrelated to the malpractice action he was handling on their behalf. No payment on the promissory note was made by the Pettits, nor was there any demand for payment of the note made by the plaintiff. Several years passed, however, before any action on the suit was taken.
Nearly five years after the original petition was filed, on July 29, 1992, plaintiff filed and served Mr. Street with a First Amending and Supplemental Petition alleging that the promissory note executed by defendants constituted "a new contractual arrangement between the parties, or an alternative basis for recovery by the plaintiff against defendants herein, or either of them." Plaintiff also named Mr. Street as a defendant in the amended and supplemental petition, alleging that he was liable for the debt pursuant to the letter agreement. Plaintiff based this allegation on the language quoted above in the letter dated August 13, 1987, wherein Mr. Street stated that "we will certainly pay them as soon as any recovery has been made."
Mr. Street filed two motions for summary judgment. On behalf of the Pettits, whom Mr. Street could not locate to notify of the amended petition, defendants sought dismissal of the entire petition on grounds that the plaintiff agreed in the letter dated August 25, 1987, to dismiss the original action in exchange for the promissory note executed by the Pettits. Defendants contended that plaintiff should not be allowed to amend its petition because it had agreed to dismiss the suit, and the defendants have upheld their end of the bargain. Defendants argued that plaintiff must file a new suit on the promissory note and serve the Pettits, not Mr. Street. Mr. Street stated that his representation of the Pettits ended when he obtained the agreement to get the suit dismissed in exchange for the Pettits' note.
Mr. Street also moved for summary judgment of the plaintiff's claim that he also was obligated to pay the debt. Claiming that the suit against him had no basis in fact or law, Mr. Street moved for sanctions against Mr. Rankin and the plaintiff.
The trial court partially granted the Pettits' motion for summary judgment by dismissing the claim of plaintiff only to the extent that the claim was not based upon the promissory note. In other words, the court dismissed the claim to the extent that it was based on the theory of recovery alleged in the original action, i.e., open account, but it did not dismiss the lawsuit as prayed for by defendants pursuant to the agreement expressed *1342 in the August 25, 1987 letter from plaintiff's attorney.
The trial court granted Mr. Street's motion for summary judgment dismissing the claim against him on grounds that the claim had no basis in law or fact. Furthermore, the trial court awarded Mr. Street $575.00 in attorney fees pursuant to Mr. Street's motion for sanctions against Mr. Rankin and plaintiff.
Plaintiff and its attorney, Mr. Rankin, contend the trial court made the following errors:
1. The trial court erred in granting summary judgment in favor of C. Daniel Street, made a defendant by an amending and supplemental petition.
2. The trial court erred in granting Nathan Pettit partial summary judgment, restricting the hospital's demands against him to those based on the promissory note executed on September 30, 1987.
3. The trial court erred in finding the hospital and Mr. Alex Rankin had violated Louisiana Code of Civil Procedure Article 863, and in imposing sanctions against the hospital and its counsel for asserting claims against Mr. C. Daniel Street.
The trial court granted Mr. Street's motion for summary judgment on grounds that the language in the August 13, 1987 letter, "we will certainly pay them as soon as any recovery has been made," does not constitute a suretyship agreement or a promise to pay the debt of a third person. Moreover, the court found Louisiana Civil Code Article 1847, which prohibits consideration of parol evidence to establish a promise to pay the debt of a third person, applicable in this case. Hence, in rendering its judgment, the court deemed as irrelevant testimony about an alleged telephone conversation and testimony as to what Mr. Rankin understood the agreement to be.
Plaintiff contends that there are numerous issues of material fact ignored by the trial court in rendering the summary judgment in favor of Mr. Street. Specifically, plaintiff argues that the affidavits of Mr. Street and Mr. Rankin are contradictory in that they reflect a different understanding of the nature and extent of the agreement regarding payment of the hospital debt. Those contradictions, plaintiff argues, constitute genuine issues of material fact which would preclude summary judgment. Plaintiff also argues that it never alleged that a contract of suretyship was entered into by Mr. Street; rather, it submits that Mr. Street incurred an obligation to pay the debt, or an obligation to see to it that the debt was paid.
These latter assertions are contrary to the allegations in plaintiff's amended petition, that is, allegations that Mr. Street "specifically agreed" to pay the debt of his clients and "has a personal obligation to Morehouse General Hospital to pay the debt as he promised...." On appeal, plaintiff now argues that Mr. Street's obligation "to pay the debt" was an obligation "to do." That is, plaintiff submits that Mr. Street promised to see to it that plaintiff was paid out of the proceeds from the recovery in the Pettits' malpractice claim, and, breaching this obligation, is personally liable for the debt.
We reject, as did the trial court, the notion that Mr. Street personally obligated himself as a result of the language in the August 13, 1987 letter. Even if the language cited by the plaintiff in that letter could be construed as an offer by Mr. Street to be personally bound in exchange for the plaintiff's forbearance, it is clear that the offer was rejected by the counteroffer of the plaintiff in the August 25, 1987 letter, which was accepted by the Pettits. In this regard, we also note the October 5, 1987, letter from Mr. Rankin to Mr. Street, stating, "I write this to make it clear that it is our understanding, based on your letter of August 13, 1987, that the Pettits will pay the Morehouse General Hospital bill `as soon as recovery has been made.'"
Based upon these considerations, we affirm the judgment of the trial court dismissing plaintiff's claim against Mr. Street.
In its second specification of error, plaintiff asserts that the trial court erred in granting a partial summary judgment dismissing the plaintiff's claim to the extent it was not based upon the promissory note given by defendants *1343 to the plaintiff. The judgment, in effect, eliminated the plaintiff's claim to the extent it was based on open account. Plaintiff claims that the court found a novation where none exists, the promissory note being merely an acknowledgment of the open account debt. Defendants answered plaintiff's appeal contending that the trial court erred in not dismissing the suit in its entirety, thereby requiring the plaintiff to file a new suit on the promissory note.
It is unnecessary for us to reach a determination of whether the execution of the promissory note constituted a novation, as we are of the opinion that the exchange of letters culminating in the giving of the promissory note by the Pettits in exchange for the promise by the plaintiff to dismiss the lawsuit constituted a transaction or compromise. A transaction or compromise is a contractual agreement between two or more persons confected for the purpose of putting an end to a lawsuit. LSA-C.C. Art. 3071. The elements of compromise are: (1) a mutual intention of putting an end to the litigation and (2) reciprocal concessions of the parties in adjustment of their differences. Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356 (La.1987). The contract must be reduced to writing or recited in open court. La.C.C. Art. 3071. "Where two instruments, when read together, outline obligations each party has to the other and evidence each party's acquiescence in the agreement, a `written compromise agreement,' as contemplated by statute, has been perfected." First National Bank of Jefferson Parish v. Manor Heights Co., Inc., 576 So.2d 61, 64 (La.App. 5th Cir. 1991), writ denied, 577 So.2d 35 (La.1991); see also, Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981). We find the letters exchanged between Mr. Rankin and Mr. Street culminating in the agreement constitute a written compromise.
The language in the letters between Mr. Rankin and Mr. Street indicates that the parties intended to put an end to the lawsuit. For example, in the August 25, 1987 letter from Mr. Rankin to Mr. Street, Mr. Rankin conveyed his client's offer to dismiss the current suit in exchange for a promissory note from the defendants. The letter further stipulated that there needed to be an attorney fee provision in the note "in case we had to sue on the note at a later date." In the very next paragraph, Mr. Rankin stated that his client "has a policy now of trying to get these bad accounts collected on some business like basis." The clearly stated offer to dismiss the lawsuit in exchange for the promissory note in the context of other language in the same letter contemplating both collecting the debt in a business like manner and the possibility of filing a suit on the note if payment is not made, demonstrates an intent to end the current litigation. Mr. Street, of course, accepted the offer and forwarded the promissory note executed by the Pettits to Mr. Rankin. In our opinion, at this point the first element needed to confect a compromise was satisfied.
The agreement, however, was further honed by Mr. Rankin's October 5, 1987 letter where Mr. Rankin stated that it was his understanding, as well as his clients', that although the note was payable in one year and the Pettits had up to one year to make a recovery in the malpractice suit, should the Pettits recover prior to the passage of a year, the debt was expected to be paid at that time. Mr. Street wrote "Accepted" on that letter, signed it, and returned it to Mr. Rankin.
The second requirement for a valid compromise is that there be reciprocal concessions of the parties. LSA-C.C. Art. 3071. Clearly this element is present in this case. By giving their promissory note in exchange for dismissal of the pending suit and time to collect the money to pay the debt, the Pettits were giving up possible defenses they may have had to the numerous charges required to be proven by the plaintiff in its suit on open account. The promissory note provided a simple means of collecting the debt should the Pettits default.
Therefore, as the foregoing discussion indicates, the elements of a compromise are present in this case. The next issue is to determine the effect of the compromise on the plaintiff's lawsuit. Our conclusion is that plaintiff's suit should be dismissed. "[A] valid compromise effectively abrogates and nullifies the prior claim or contract which was *1344 compromised by it, so that the only legal recourse of the parties is to enforce their rights within the context of the compromise agreement." Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112, 116 (La.App. 2d Cir.1982).
As between the parties, a compromise has the effect of a judgment. LSA-C.C. Art. 3078. "It is a rudimentary proposition of law that an obligation is merged with the judgment of which it is a legal predicate, so that the obligation no longer has a distinct, separate or self-subsistent existence." Sewell, Inc., supra at 116. Hence, a compromise merges the antecedent obligation or claim with itself, leaving the antecedent obligation or claim with no separate existence.
For these reasons, the trial court should have dismissed the entire suit as required in the compromise agreement and as sought in defendants' motion for summary judgment. Accordingly, we will render judgment in favor of the defendants dismissing the plaintiff's suit at appellant's cost.
Finally, appellant seeks a reversal of the trial court's award of sanctions in the amount of $575.00 imposed on the plaintiff and its attorney for filing the claim against Mr. Street, attorney for the defendants. Mr. Street requests additional sanctions for defending the award on appeal. We affirm the award of the trial court. We decline, however, Mr. Street's request for additional sanctions.
When examining a sanctions award, the court of appeal will review the trial court's factual determination that Article 863 of the Code of Civil Procedure has been violated under the manifest error or clearly wrong standard of review. The determination of the type and amount of the sanction is reviewed under the abuse of discretion standard of review. Matter of Succession of Thomas, 602 So.2d 1108 (La.App. 1st Cir. 1992).
In order to impose sanctions, a trial court must first find that one of the affirmative duties imposed by LSA-C.C.P. Art. 863(B) has been violated: the attorney must certify that he has read the pleading; that to the best of the attorney's knowledge, information and belief formed after reasonable inquiry, the pleading is well-grounded in fact; that the pleading is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law; and that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Matter of Succession of Thomas, supra at 1110.
In the instant case, the trial court found that the plaintiff's claim against Mr. Street was not well-grounded in fact or in law. Expressing doubt that the one sentence of Mr. Street's letter of August 13, 1987 created an obligation upon Mr. Street's part, the court concluded that the October 5, 1987 letter from Mr. Rankin to Mr. Street, wherein the promissory note came to be executed, clearly removed any possible ambiguity and eliminated any basis to hold Mr. Street liable on the obligation. We cannot say that the trial court's determination that there was no basis in fact or law for the claim against Mr. Street is clearly wrong. Matter of Succession of Thomas, supra. We therefore find no error in the trial court's imposition of sanctions.
The final issue is Mr. Street's demand by answer to the appeal for an increase in the amount of sanctions for defending the sanction award on appeal. This particular circumstance appears to be res nova in Louisiana. However, based on Hampton v. Greenfield, 618 So.2d 859 (La.1993), we are reluctant to increase the extent of the sanctions. While Hampton dealt with an award of sanctions by a court of appeal in the first instance, the supreme court rationale emphasized the pivotal role of the trial court in determining Art. 863 sanctions in the following terms:
Only a trial court is capable of holding the required art. 863 hearing where evidence may be presented on the sanctions issue. Therefore, on its face, the ability to impose sanctions under art. 863 is limited to the trial court. Moreover, we believe that the authority to impose art. 863 sanctions is limited to the trial court.
Hampton v. Greenfield, supra at 862. Accordingly, we decline to increase the extent of sanctions assessed by the trial court.
*1345 In conclusion, the judgment of December 4, 1992 on the motions for summary judgment is hereby amended to read as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Defendant C. DANIEL STREET be and the same is hereby granted, and accordingly, there is judgment herein in favor of Defendant C. DANIEL STREET and against Plaintiff MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT DBA MOREHOUSE GENERAL HOSPITAL dismissing Plaintiff's demands against said Defendant with prejudice at Plaintiff's cost;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by defendant NATHAN PETTIT is granted in full, and accordingly, there is judgment herein in favor of Defendant NATHAN PETTIT and against Plaintiff MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT DBA MOREHOUSE GENERAL HOSPITAL dismissing all demands of said Plaintiff against said Defendant with prejudice at Plaintiff's cost.
The judgment of February 3, 1993 imposing sanctions in the amount of $575.00 is affirmed.
All costs herein are assessed against appellant.
AMENDED IN PART AND AFFIRMED AS AMENDED.