Dear Ms. Koury:
You have requested our office to provide an opinion addressing the personal liability or personal exposure to possible sanctions of the Secretary of Revenue and Taxation as a result of the State pursuing claims against petroleum refiners for sales and use taxes due on two by-products, namely coke-on-catalyst and refinery gas. In your letter dated March 16, 1995, your specific question is:
 Could Ralph Slaughter bear any personal liability, exposure for sanctions or any other action for participation in or the filing of suits pursuant to the state's collection of taxes pursuant to the BP Oil Company case.
As a result of the Louisiana Supreme Court's ruling inBP Oil Company v. Plaquemines ParishGovernment 642 So.2d 1230 (La. 1994); Rehearing 93-1109 (La. 1-27-95), the State of Louisiana through the Louisiana Department of Justice entered into a professional services legal contract with the law firms of Cossich and Associates, A Professional Law Corporation and St. Martin, Lirette, Shea, Watkins and McNabb ("contract counsel"), dated December 12, 1994, to pursue claims against petroleum refiners on behalf of the State for the collection of sales and use taxes due on two petroleum refining by-products, namely refinery gas and coke-on-catalyst. As part of the process of refining crude oil into other petroleum products, oil refineries use refinery gas and coke-on-catalyst as energy sources.
In its holding, the Court found that BP used these two energy sources in its refining operations, and would otherwise have had to purchase other energy sources for its energy needs. After it made this determination, the Court went on to discuss the application of the exemption from sales and use taxes as provided in La. R.S. 47:305D(1)(g) and (h). For purposes of this opinion, that discussion and the other issues addressed by the Court are unimportant.
By law, sanctions or penalties would only be applicable under three provisions of law, namely LSA C.C.P. art. 863 La. R.S. 47:1508 and 1508.1. It is the opinion of this office that the filing of suits in pursuit of these claims on behalf of the State, will not subject Secretary Slaughter to any personal liability in the form of "sanctions" or penalties of any kind. LSA C.C.P. art. 863 provides;
Art. 863 Signing of pleadings, effect
 A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
 B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
 D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
 E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
 F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
As pointed out in Matter of Succession of Thomas,602 So.2d 1108 (La.App. 1st. Cir. 1992);
 In order to impose sanctions, a trial court must first find that one of the affirmative duties imposed by article 863(B) has been violated. La. Code Civ. P Art. 863(D). The certification required by paragraph B of the article is, from a grammatical reading of the paragraph, a four-part certification, the violation of any part of which would fatally infect the entire certification. The first part of the certification is that an attorney has read the pleading. The second part is that to the best of the attorney's knowledge, information, and belief formed after reasonable inquiry that the pleading is well grounded in fact. Thirdly, the attorney must certify that the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fourth, and lastly, the attorney certifies that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
In Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4th Cir. 1991), the Court provided that "Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. . . . Furthermore, noting(sic) in the language of Rule 11 or Article 863 empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified. Failure to prevail does not trigger a sanction award."
Considering the facts of this particular valuation question, the language of Article 863, and the interpretation fashioned by the courts, it is the opinion of this office that there exists a legitimate, justiciable controversy regarding the determination of the taxable value of refinery gas and coke-on-catalyst and that the institution of legal proceedings to collect taxes due the State on coke-on-catalyst and refinery gas would not be considered sanctionable under Article 863.
La. R.S. 47:1508 is the statute concerning the confidential character of tax records, while 1508.1 covers the unauthorized disclosure of information. Both statutes provide for penalties for violations of not more than ten thousand dollars or imprisonment for not more than two years, or both. The objective of both statutes is to deter the unauthorized disclosure of confidential tax information filed with the state by payers, however La. R.S. 47:1508(B)(3) provides;
 § 1508 Confidential character of tax records
 * * *
 (B). Nothing herein contained shall be construed to prevent: (3) The use of reports filed by a taxpayer under one Chapter of this Title or an ordinance of a political subdivision, in an action against the same taxpayer for a tax due under another Chapter of this Title, or another tax ordinance of the political subdivision.
* * *
 § 1508.1 Unauthorized disclosure of information
 ***
 (B). Nothing contained in this Section shall be construed to prevent such persons from disclosing a return of a taxpayer or the records of the secretary as authorized by law in any judicial proceeding in which the state or any political subdivision thereof is a party.
* * *
Considering counsel handling this matter for the State are currently under contract to do so, and that Mr. Slaughter is acting in his official capacity as the Secretary of the Department of Revenue and Taxation and Tax Collector for the State, there would be no violation of these provisions of law. These provisions expressly provide that the confidential nature of tax records or the prohibition against unauthorized disclosure shall not be construed to prevent the State from pursuing claims against payers.
Finally, La. R.S. 13:5108.2 provides for indemnification of officials, officers, and employees of the state and representation by the attorney general. 5108.2 provides in pertinent part;
 § 5108.2 Indemnification of officials, officers,and employees of the state
 (B). It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify each official, officer, and employee of the state from any financial loss which, for purposes of this Section, shall mean and include court costs, judicial interest, and monetary damages, arising out of any claim, demand, suit, or judgment in any court by reason of alleged negligence or other act
by the official, officer, or employee, if the official, officer, or employee, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office, employment, contract, or assignment and such damages did not result from the intentional wrongful act or gross negligence of the official, officer, or employee.
Currently, by virtue of La. R.S. 13:5108.2, our office through the Risk Litigation Division is defending Mr. Slaughter in ten other lawsuits filed by tax payers against the Department of Revenue naming him as a defendant.
Finally, existing law warrants a determination of the formula necessary for the valuation of coke-on-catalyst and refinery gas. Therefore, actions taken by the state through its legal counsel on behalf of Mr. Slaughter in the institution of suits for the collection of these taxes should not be considered as being interposed for any improper purpose, nor violate any of the other provisions of law. However, if a court were to find through some act or omission that Secretary Slaughter were liable for sanctions, the provisions of La. R.S. 13:5108.2 would apply and he would be fully indemnified by the state, unless those actions were adjudged to be an intentional wrongful act or gross negligence.
Respectfully Submitted:
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ EMORY A. BELTON, JR. Assistant Attorney General
RPI/EAB/tp