11 JOAN BERNARD ARMSTRONG, Chief Judge.
STATEMENT OF THE CASE
On September 1, 1995, Walk Haydel & Associates, Inc. sued Coastal Power Production Company, La Casa Castro S.A. de C.V. and Latin American Energy Development, Inc. (DELASA) to recover professional engineering fees for services rendered to the defendants in connection with the Nejapa Power Project located in El Salvador. DELASA answered and filed a cross claim against Coastal and La Casa and third party demands against Tenneco Gas International and Trigen Energy Corporation.
On November 2, 1995, Trigen, with the consent of La Casa, Coastal and Tenneco, removed the case to the United States District Court for the Eastern District of Louisiana pursuant to the general removal provision of 28 U.S.C. § 1441 et seq. and the All Writs Act, 28 U.S.C. § 1651. The case as among La Casa, Coastal, Tenneco and DELASA has proceeded in State court.
In September 1996, La Casa, Coastal and Tenneco filed dilatory exceptions of lack of personal jurisdiction and insufficiency of service of process and a peremptory exception of no cause of action, together with a motion for a protective order to stay or limit discovery in the case. Extensive contested discovery was | ¡¡taken subsequently. The trial court denied the dilatory exceptions of lack of personal jurisdiction and insufficiency of service of process and the peremptory exception of no cause of action on January 22, 1997, staying the trial court proceedings and allowing defendants the opportunity to apply for supervisory review in this Court. The court clarified the judgment on February 3, 1997, denying La Casa’s exceptions of insufficiency of service, lack of personal jurisdiction and no cause of action; denying Coastal’s exceptions of lack of personal jurisdiction and no cause of action; and denying Tenneco’s exceptions of lack of personal jurisdiction and no cause of action. On the same day, the trial court granted in part DELASA’s first, second and third motions to compel, requiring La Casa to produce three witnesses at the United States Embassy in El Salvador for deposition prior to establishment of personal jurisdiction; granted in part DELA-SA’s fourth motion to compel requiring La Casa to respond to discovery in accordance with the parties’ agreement on the record; *953 denied La Casa’s first motion to compel; and granted in part La Casa’s second motion for protective order concerning the taking of employee depositions in El Salvador.
During the pendency of the stay, DE-LASA filed a reconventional demand, cross-claim and third party demand against defendants, Tenneco, Coastal and El Paso Energy Corporation in a related pending case, Fink v. Latin American Energy Development, Inc., et al, Case No. 95-17816 on the docket of the Civil District Court for the Parish of Orleans, asserting the same claims asserted in the instant case against those defendants. In response, La Casa, Coastal and Tenneco filed a motion to enforce stay and for sanctions.
On May 9, 1997, this Court denied La Casa’s and Coastal’s applications for supervisory writs, holding that in light of the numerous contacts of each of the ^relators with Louisiana, there was no error in the trial court’s overruling of the exceptions to personal jurisdiction. The Louisiana Supreme Court denied La Casa’s, Coastal’s and Tenneco’s writ applications on September 5,1997.
On August 22, 1997, DELASA moved for a temporary restraining order, preliminary and permanent restraining orders and moved to enforce a settlement agreement dated June 24, 1997, executed in connection with the Nejapa power plans by John Wheelock, DELASA’s president, and Roberto and Alex Vilanova, president and vice-president of La Casa. The memorandum of settlement provided for payment by La Casa to DELASA of $500,000 no later than July 24, 1997 and transfer of 17% passive equity stock in the power plant. La Casa agreed to pay DELASA an additional $400,000 when related cases were resolved. The 'agreement also provided for each party to indemnify the other in the related cases in certain proportions. The trial court granted the temporary injunction on August 22, 1997. The trial court set a hearing on a rule to show cause why the settlement agreement should not be enforced on September 12, 1997. On August 26,1997, DELASA filed an amended petition seeking temporary, preliminary and permanent injunctive relief to enforce the settlement agreement. Roberto Vila-nova responded by affidavit denying that the settlement agreement had been finalized.
Following a hearing on DELASA’s rule to show cause why the settlement agreement should not be enforced, the trial court entered judgment in DELASA’s favor on September 18, 1997, granting the rule and enforcing the settlement agreement in accordance with its terms. La Casa moved for new trial and rehearing. Tenneco’s successor in interest, EPEC Gas International, filed exceptions of no cause of action, res judicata and/or law of the case to DELASA’s amended petition.
|4On October 15, 1997, Coastal filed an answer and exception of no cause of action to DELASA’s cross claim. On October 20, 1997, La Casa filed a motion and order to appeal suspensively the trial court’s orders of October 1, 1997, denying its motion for rehearing and of September 18, 1997. On November 7, 1997, EPEC sought rehearing of its exceptions. On November 10, 1997, the trial court denied the exceptions. EPEC filed a notice of intention to apply for supervisory writs on November 13, 1997. On the showing made, this Court denied writs on November 25,1997.
On DELASA’s motion, the trial court increased the appeal bond from $25,000 to $750,000 on November 21,1997.
James McCaffery, former counsel for DELASA, intervened to collect attorney’s fees, and DELASA answered the interven *954 tion on April 1, 1998, including affirmative defenses of fraud, illegality and failure of consideration. EPEC filed exceptions of lack of personal jurisdiction and no cause of action to the intervention. In June 1998, Roderick Christopher Patrick filed a petition of intervention for his own attorney’s fees in connection with the instant case. Defendants filed answers and exceptions to that petition as well. Mr. McCaf-fery subsequently amended his petition of intervention to add a claim of assault, battery and defamation against DELASA and its president, John Wheelock.
La Casa did not post the court-ordered suspensive appeal bond. On December 30, 1997, the trial judge ordered a judgment debtor rule be set for February 27, 1998.
Effective July 30, 1998, DELASA, EPEC, Coastal and La Casa entered into a confidentiality stipulation and protective order to protect trade secrets or other confidential research, development or commercial information.
IsOn September 30, 1998, this Court issued its opinion on appeal, affirming the judgment of the trial court. We found:
1] In the instant ease the parties were involved in a full day of mediation at the end of which they signed a memorandum of settlement which contained several handwritten terms upon which the parties had agreed. The fact that a whole day of negotiations was capped off by the signing of a document that memorialized the agreement between the parties signifies that there had been a meeting of the minds, otherwise the document would not have been signed;
2] Although the terms of the settlement are handwritten and may encompass less than all the issues among all the parties, this does not negate its enforceability. The document in question was in writing and evidenced a meeting of the minds. Therefore, the memorandum of settlement is a legally binding agreement.
In May, 1999, DELASA filed an amended cross-claim and third party demand against the defendants. On June 24, 1999, DELASA dismissed without prejudice its claims against Trigen. On July 16, 1999, EPEC filed exceptions of lis pendens and res judicata.
The Fink case was ultimately consolidated with the instant case, and EPEC filed a motion for summary judgment and exceptions of lis pendens, res judicata no cause of action and improper service of process seeking dismissal of the Fink plaintiffs’ suit. La Casa filed an answer and declina-tory exception of lis pendens together with exceptions of improper cumulation of actions and no cause of action in the Pink suit.
On February 25, 2000, DELASA filed a motion for partial summary judgment or alternatively for declaratory judgment consistent with a prior court [ (¿ruling holding that the settlement does not release Coastal and EPEC. On May 25, 2000, La Casa moved for partial summary judgment on the question whether DELASA also agreed in the settlement to release its claims against Coastal and EPEC.
On June 23, 2000, the trial court signed a judgment denying the motions for partial summary judgment filed by DELASA and by La Casa. DELASA filed its notice of intention to apply for supervisory writs on June 27, 2000. On January 16, 2001, this Court denied writs, finding that there were genuine issues of material fact as to the parties’ intent in the settlement precluding summary judgment. Judges Armstrong and McKay dissented from the writ denial. The Louisiana Supreme Court denied writs on April 12, 2001.
On August 2, 2002, the trial court entered judgment granting DELASA’s mo *955 tion for judgment debtor rule. On September 6, 2002, this Court granted La Casa’s application for supervisory writ, holding that while the settlement agreement is effective among the parties, there is nothing in the record indicating that the settlement agreement has been reduced to a money judgment. Until such reduction, a judgment debtor examination is premature. DELASA moved for a clarification, rehearing and rehearing en banc. This Court issued a per curiam opinion granting the motion for clarification. We confirmed that our ruling goes only to the mechanics of enforcement of the settlement agreement. In the interest of judicial economy, we restated the limits of the ruling:
As Judge Ciaccio noted in his concurrence in Addison v. Regional Transit Authority, 97-2289, p. 7 (La.App. 4 Cir. 12/2/97), 703 So.2d 810, 813:
The plaintiffs are entitled to have the settlement agreement reduced to a money judgment. After judgment is rendered, they have the right to enforce the |7judgment as provided by law. The trial court has no authority to enforce collection of a money judgment except by the issuance of a writ of Fieri Facias when appropriate.
On December 12, 2002, DELASA filed a rule to show cause why the settlement agreement should not be enforced as a money judgment under LSA-C.C. art. 3071. La Casa opposed the motion, claiming DELASA has not presented evidence that La Casa breached its settlement obligations. Furthermore, DELASA failed to execute formal releases of La Casa, Tenne-co and Coastal as promised as part of the overall settlement.
Following a hearing on the DELASA motion, the trial court entered judgment on January 29, 2003. The trial judge found that DELASA proved its entitlement to have the settlement agreement reduced to a money judgment in accordance with its terms. The trial court rendered judgment in favor of DELASA and against La Casa for its past due obligations in the amount of $500,000 in cash plus seventeen percent of the passive equity income of the plant. Furthermore, the court ordered La Casa to pay DELASA $400,000 upon resolution of the Fink case, and required the parties to comply with the indemnity provisions of the agreement as such payments become due. La Casa filed a motion for reconsideration and new trial on February 11, 2003, which the trial court denied the next day. La Casa filed a notice of intention to apply for supervisory writs on February 26, 2003. This Court denied the application on April 21, 2003, finding that La Casa had an adequate remedy on appeal. La Casa filed its motion for devolutive appeal on April 10, 2003.
On April 25, 2003, DELASA filed another motion to examine La Casa as judgment debtor.
|sLa Casa appeals from the judgment of January 29, 2003 and the trial court’s denial of its motion for new trial. We affirm.[1]
ASSIGNMENT OF ERROR: The trial court erred in rendering a money judgment against one of the parties in the absence of a trial or the presentation of evidence on the questions of meaning and breach of the settlement agreement.
La Casa’s position during the extended course of litigation has been consistent: *956 that the settlement memorandum agreement is ambiguous and cannot be enforced. However, this court in the earlier appeal rejected this argument. Our opinion of September 30, 1998 held that the agreement evidences a meeting of the minds of the parties and that the written memorandum of settlement agreement constituted an enforceable settlement agreement as between La Casa and DELASA. It does not appear from the record that La Casa sought review of our decision.
The only open issue remaining at this time is the extent to which the settlement agreement released EPEC (formerly Ten-neco Gas) and Coastal. This is a separate claim, apart from the basic settlement agreement that the trial court reduced to judgment in January, 2003. The parties are free to pursue the EPEC/ Coastal issues irrespective of the enforcement of the settlement agreement. We held that DELASA had the right to reduce its settlement agreement to a money judgment on which a judgment debtor rule could be enforced. That is the law of the case.
|gThe trial court’s hearing held on January 29, 2003 satisfied the notions of fundamental fairness and due process required by our constitution. The parties were given notice and the opportunity to be heard on the issue of the reduction of the settlement agreement to money judgment. If La Casa had evidence showing that the settlement agreement was defective or that the terms set forth therein were ambiguous or incorrect, it had the opportunity to introduce the evidence at that hearing. It did not do so and cannot now be heard to complain. This Court’s previous holding that the settlement document is enforceable precludes La Casa’s argument that the agreement is ambiguous.
The trial court complied with the provisions of our opinion and per curiam clarification. At no time during the lengthy procedural journey of the case has any court of competent jurisdiction held that the settlement agreement is ambiguous as between DELASA and La Casa. The terms as between those parties are clear and consistent: La Casa owes DELASA $500,000 plus seventeen percent of the plant’s passive equity, plus a substantial sum due upon resolution of the related Fink case.
La Casa also contends that the settlement agreement cannot be enforced summarily under the provisions of LSA-C.C. art. 3071, which provides in pertinent part:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement |inrecited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
La Casa contends that where a settlement agreement is not honored[2] by one of the settling parties, the aggrieved party must bring a separate action alleging breach of the agreement. For this principle, La Casa cites Morehouse Parish Hospital Service District v. Pettit, 630 So.2d 1338 (La.App. 2 Cir.1994). However, that case does not support La Casa’s conclusion. Morehouse does not require that a *957 new trial be held, but only that DELASA may not pursue La Casa for any damages except those provided for by the settlement agreement. To the same effect are the cases cited by La Casa in its brief, Palmer v. Lanco Construction, Inc., 665 So.2d 1217, 1221 (La.App. 4 Cir.1995) and Lastie v. Warden, 611 So.2d 721 (La.App. 4 Cir.1993). DELASA does not seek in these proceedings to obtain any damages outside the four corners of the settlement agreement. Therefore, the trial court judgment is not inconsistent with the jurisprudence cited by DELASA.
The assignment of error is without merit.
CONCLUSION AND DECREE
For the foregoing reasons, we affirm the judgment of the trial court and assess the costs of this appeal to the appellant.
AFFIRMED.

. We note that the judgment reducing the memorandum of settlement to a money judgment is not a final judgment because it does not dispose of all the claims among all the parties and was not certified by the trial court as a final judgment pursuant to LSA-C.C.P. art.1915. However, it is an interlocutory judgment that may cause irreparable injury and is immediately appealable under LSA-C.C.P. art.2083.

. Apparently, La Casa admits it has not honored its settlement agreement with DELASA.