580 So.2d 506 (1991)
Andrea A. LOYOLA and Charles Rosner, III
v.
A TOUCH OF CLASS TRANSPORTATION SERVICE, INC. and Benson Chevrolet Company, Inc.
No. 90-CA-1694.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*507 R. Monroe Garner, Abbott, Best & Meeks, New Orleans, for defendants/appellants.
Dawn M. Barrios, Bruce S. Kingsdorf, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for plaintiffs/appellees.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
*508 LOBRANO, Judge.
This appeal arises from the trial court judgment which denied in part and granted in part Benson Chevrolet Company's motion for sanctions against Dawn M. Barrios, counsel for plaintiffs, Andrea A. Loyola and Charles Rosner, III. The facts and chronology of this litigation are as follows:
On September 30, 1988, Rosner, while driving his 1985 Toyota pickup truck west on Interstate 10 in Kenner, Louisiana, was struck from the rear by a 1985 Lincoln Town Car limousine, owned by A Touch of Class Transportation Service, Inc. and driven by Joseph Mercante. Loyola was a passenger in the pickup truck. Both Rosner and Loyola were wearing seat belts. As a result of the impact, the front seat frame and springs of the Toyota broke causing injury to both Loyola and Rosner. The Toyota was purchased as a used vehicle from Benson-Chevrolet on May 30, 1988.

PROCEDURAL HISTORY:

September 27, 1989:
Loyola and Rosner filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans against A Touch of Class and Benson.

November 14, 1989:
Benson filed "Peremptory Exceptions of No Cause of Action and Prescription, Dilatory Exception of Non-Joinder of Necessary Party and Motion for Sanctions."

December 8, 1989:
Benson filed a "Motion to Set Exceptions for Trial." No opposition was filed by plaintiffs.

January 12, 1990:
Following a hearing on the exceptions, the trial court sustained Benson's exceptions and instructed counsel to discuss the "Motion for Sanctions". If said Motion could not be resolved, counsel for Benson was instructed to have it set for hearing.

January 17, 1990:
The "Motion for Sanctions" not resolved, the trial court ordered an evidentiary hearing on the Motion to be heard February 16, 1990. All claims against Benson were dismissed with prejudice.

January 22, 1990:
Barrios filed a "Rule to Show Cause Why Judgment Should Not Be Amended and/or Motion for New Trial", requesting leave of Court "... to amend the Petition to assert an action based in redhibition as a consequence of injuries caused by latent defects in the vehicle...." Barrios sought to change the January 12th judgment which contained language she asserted was not agreed to by her. The Rule/Motion was set for hearing on February 16, 1990.

February 9, 1990:
Benson filed an opposition to the Rule/Motion filed by Barrios.

February 16, 1990:
Following a hearing on the Rule/Motion filed by Barrios, the trial court denied the relief sought, ... In addition, the hearing on the "Motion for Sanctions" was continued without date.

June 7, 1990:
Benson filed an "Ex Parte Motion and Order to Set Evidentiary Hearing of Motions for Sanctions". A hearing was originally set for June 22, 1990 but continued at plaintiff's request to June 29, 1990.

June 29, 1990:
Following a hearing on the "Motion for Sanctions", the trial court found that the filing of the "Petition for Damages" by Barrios was not sanctionable but did sanction Barrios in the amount of $450.00 for filing the "Rule to Show Cause Why Judgment Should Not be Amended and/or Motion for a New Trial".

July 25, 1990:
The judgment imposing sanctions of $450.00 against Barrios is signed by the trial court.
Benson appeals the trial court's judgment of July 25, 1990 asserting:
1) The trial court abused its discretion by failing to find that Barrios violated Article 863(B) of the Louisiana Code of Civil Procedure in filing the original suit against Benson for which there were no factual or legal grounds in support thereof.

*509 Barrios answers the appeal asserting:
2) The trial court committed manifest error and abused its discretion in awarding sanctions against her as a consequence of the filing of "The Rule to Show Cause Why Judgment Should Not Be Amended and/or Motion for a New Trial."
Initially we ordered both parties to show cause why this appeal should not be dismissed because a sanction order does not appear to be a final judgment. See, La.C.C.Pro. Art. 2083. Upon review of the briefs requested, however, we determined that because Barrios did not appeal Benson's dismissal from the litigation, the judgment is final as to Benson. Benson is no longer involved in this lawsuit and, therefore, the denial of its request for sanction is a final, appealable judgment. We therefore consider the merits of this appeal.
The trial court concluded that "there are no sanctions due at any time prior to the filing of the petition to set aside the judgment [maintaining Benson's exceptions]". However, the court further concluded that Barrios' attempt to amend that judgment and/or seek a new trial of the exceptions was a retaliatory measure rather than a legal one and thus granted Benson's sanction motion with respect to that pleading.
Louisiana Code of Civil Procedure Art. 863 reads in pertinent part:
"B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." (emphasis added)
Article 863 is derived from Rule 11 of the Federal Rules. Because there is limited jurisprudence interpreting and applying Article 863,[1] the Federal decisions applying Rule 11 provide guidance to this court. See, Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2nd Cir.1990). Both Rule 11 and Article 863 apply to the signing of pleadings, motions and other papers imposing upon attorneys and litigants affirmative duties as of the date a document is signed. The district court must determine if the individual, who has certified the document purported to be violative, has complied with those affirmative duties. Thomas v. Capital Security Services, 836 F.2d 866 (5th Cir.1988). The standard of review by the appellate court has been referred to as the "abuse of discretion" standard. Diesel Driving Academy, Inc., supra. We conclude that this standard is nothing more or less than the "manifestly erroneous" or "clearly wrong" criteria used by the appellate court in reviewing a trial court's factual findings.
The obligation imposed upon litigants and their counsel who sign a pleading *510 is to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Thomas, supra.
Among the factors to be considered in determining whether reasonable factual inquiry has been made are:
1) The time available to the signer for investigation;
2) The extent of the attorney's reliance on his client for the factual support for the document;
3) The feasibility of a prefiling investigation;
4) Whether the signing attorney accepted the case from another member of the bar or forwarding attorney;
5) The complexity of the factual and legal issues; and
6) The extent to which development of the factual circumstances underlying the claim requires discovery.

Diesel Driving, supra, citing Thomas, supra.
The factors for determining whether reasonable legal inquiry was made include:
1) The time available to the attorney to prepare the document;
2) The plausibility of the legal view contained in the document;
3) The pro se status of the litigant; and
4) The complexity of the legal and factual issues raised.

Diesel Driving, supra, citing Thomas, supra.
Article 863, similar to Rule 11, is not to be used simply because parties disagree as to the correct resolution of a matter in litigation. Rule 11's use is intended only for exceptional circumstances. Gaiardo v. Ethyl Corp., 835 F.2d 479 (3rd Cir.1987), citing Morristown Daily Record, Inc. v. Graphic Communication Union Local 8N, 832 F.2d 31 (3rd Cir.1987). Furthermore, nothing in the language of Rule 11 empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found to be unjustified. Gaiardo, supra, citing Golden Eagle Distribution Corporation v. Burroughs Corporation, 801 F.2d 1531 (9th Cir.1986). Similarly, just as failure to prevail does not trigger a sanction award, neither does advocating new or novel legal theories. Neither Rule 11 nor Article 863 were implemented to inhibit imaginative legal or factual approaches to applicable law or to unduly harness good faith calls for reconsideration of settled doctrine. Id.
There is no breach of Article 863, or Rule 11, "if after reasonable legal research and adequate factual investigation, a party and counsel in good faith decide to challenge existing law. Responsible, albeit adventuresome, lawyers must not be sanctioned in those circumstances, especially when they advise the court of existing law and their considered decision to seek its modification or reversal." Gaiardo, supra, at 483. Rule 11 and Article 863 seek "to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law." Gaiardo, supra at 483-484.
In determining a violation of Article 863 the trial court should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted." See, Gaiardo, supra, at 484.

ASSIGNMENT OF ERROR 1:
The accident occurred on September 30, 1988. The "Petition for Damages" was filed September 27, 1989, three days before plaintiff's claims would have prescribed.[2]
*511 Barrios testified that she was not the original plaintiff attorney, having received the case from another member of the firm. She stated that when she interviewed the plaintiffs, they informed her that some of their injuries were caused when the front seat frame collapsed. Barrios testified that she personally went to the repair shop and verified with the repairman that a light aluminum rod held the frame in place rather than something more substantial. At that time, she was unable to determine if this rod was part of the original construction or if the vehicle had been modified or improperly repaired. Since Rosner purchased the vehicle used from Benson, the possibility existed that Benson could be liable for defects if they had altered or improperly repaired the vehicle prior to the sale.
Counsel for Benson testified that when he inquired as to why Benson was sued, Barrios responded that Benson was made a defendant for the sole purpose of forcing Benson to third party the manufacturer, thus saving plaintiffs the time and expense of suing the manufacturer directly. Barrios denies this accusation. Following the hearing on sanctions, the trial court concluded that Barrios' motive in suing Benson was proper. Even assuming arguendo that some motive existed to force Benson to third party the manufacturer, there existed sufficient reasonable factual and legal reason to sue Benson for its own potential liability. Thus, we find no abuse of discretion in the trial court's conclusion that "when the plaintiff first filed suit in this matter, that he had a right to file suit and against Benson. And the court sees no reason why Benson should not have been sued."
Thus, we see no error in the trial court's refusal to award sanctions (i.e. expenses and attorney fees) for the initial filing against them.

ASSIGNMENT OF ERROR 2:
Barrios testified that it was not until November 21, 1989, that she received any information that Benson had made no repairs on the pickup truck. This information came in the form of an affidavit by Chad Manuel, the used car manager for Benson-Chevrolet. He attested to the fact that Benson made no modifications or repairs to the vehicle prior to or after the sale. This affidavit was attached to Benson's "Peremptory Exception of No Cause of Action and Prescription, Dilatory Exceptions of Non-Joinder of a Necessary Party and Motion for Sanctions."
Barrios testified that following receipt of Benson's pleadings and the affidavit of Manuel, she contacted counsel for Benson and stated that she would dismiss Benson if the Motion for Sanctions were also dismissed. The Motions for sanctions were not dropped.
Following a hearing on the exceptions on January 12, 1990, the trial court dismissed all claims against Benson with prejudice and continued the hearing on the Motion for Sanctions. A judgment to this effect was prepared by counsel for Benson and submitted to the trial court and signed on January 17, 1990. Barrios testified that she did not see the form of the judgment until after it was signed and objected to some of the language used therein. She stated:
"Q. Subsequent to the dismissal of Benson Chevrolet a judgment was prepared that had been submitted by Benson Chevrolet. Did you have any problems with the wording of the judgment?
A. Absolutely.
Q. I would like you to review a copy of the judgment, which is already part of the record, and tell me what you had a problem with with regard to the wording?
A. The wording that I had a problem with was the clause that said quote, `The absence of the desire to amend the petition of plaintiff by their counsel.' We wanted to have the second shot if we were going to go forward in the motion for sanctions.

*512 Q. So what was done because of the disagreement with the language?
A. I filed a motion for a new trial and/or motion to set aside the judgment on that basis alone that [the] original judgment specifically states that we did not have a desire to do it. And that do it, [sic] meaning to amend the petition.
Q. And was that motion for a new trial filed out of any type of vindictiveness wi [sic] your part?
A. Absolutely not. I just wanted the record straight.

CROSS EXAMINATION
BY MR. GARNER:
Q. Now, the motion for new trial, you only did that because we dismissed  that we wouldn't dismiss our sanctions, is that right?
A. No. If you look at the judgment it says the absence of the desire to amend the petition of plaintiff by their counsel.
* * * * * *
Q. Now, you weren't at the hearing on the Exception.
A. On January 12th, I was not present.
Q. So you don't know what was said at that time, do you, of your own personal knowledge.
A. No.
Q. Now, isn't it also true that the dismissal that you offered was premised upon the sanctions being dismissed.
A. Yes. I told you that on numerous occasions as well as I testified to that."
The Rule to Show Cause was filed by Barrios on January 22, 1990, five days after the signing of the judgment at issue. The rule reads in pertinent part:
"... on or about January 16, 1990, this Honorable Court signed a judgment dismissing plaintiffs' claims against defendant, Benson Chevrolet Company, Inc., with prejudice, upon the suggestion of counsel for defendant that plaintiffs had no desire to amend their Petition to assert a more detailed cause of action against said defendant; and upon further suggesting to the Court that defendant misconstrued counsel for plaintiffs' desire not to amend the allegations contained in the Petition in that counsel stated that plaintiffs had no desire to amend so long as defendant did not pursue its Motion for Sanctions and defendant has continued to pursue its Motion for Sanctions and, in fact, has requested that an evidentiary hearing on its Motion be held by the Court; and upon further suggesting to the Court that pursuant to Louisiana Code of Civil Procedure Article 934, plaintiffs are entitled to an order permitting them to amend their Petition; it is therefore respectfully requested that the Court either amend its Judgment to permit plaintiffs an opportunity to amend their Petition and/or grant plaintiffs a new trial and that defendant show cause on a time and date to be set by this Honorable Court why the requested relief should not be granted."
The memorandum in support of the rule states "Although in the original Petition plaintiffs asserted what might be deemed to be a products liability action, plaintiffs would request leave to amend the Petition to assert an action based in redhibition as a consequence of injuries caused by latent defects in the vehicle."
We find no conduct on the part of Barrios seeking to amend the judgment because of the language contained therein. Barrios testified that the rule was not filed out of vindictiveness but to set the "record straight" and "to have the second shot". Benson produced no evidence that Barrios approved of the wording of the judgment prior to it being signed. In fact, Barrios was not even present at the hearing on the exceptions.
Furthermore, the record does not support Benson's assertion that there was no legal basis for an action in redhibition because any claim against Benson had prescribed. Manuel's affidavit attests only to the fact that Benson did not modify or repair the vehicle prior to the sale. He does not attest to the fact that Benson had no knowledge of any defects that may have caused plaintiffs' injuries. Civil Code Article 2534 clearly states "This limitation [the one year prescriptive period] does not apply *513 where the seller had knowledge of the vice and neglected to declare it to the purchaser."
When a peremptory exception of no cause of action is maintained, the plaintiff has a right to amend his pleadings, within the delay allowed by the court, to state a cause of action if he can. La.C.C.Pro. Art. 934. Thus Barrios was well within her rights when she sought modification of the judgment which stated that there was an "absence of the desire to amend the petition of plaintiff by their counsel." Had the trial court, regardless of the language in the judgment, given Barrios a time frame within which to amend her pleadings, there would have been no need for her to seek modification of the judgment's language. If she failed to amend, that would have been the end of the matter.
Thus, Barrios, on behalf of her clients, had an absolute right and a legal obligation to protect their right to amend their petition if they felt it necessary. The judgment she sought to amend precluded any further amendment of the pleadings.
The record simply does not support the trial court's conclusion that the pleading was filed solely for vindictive reasons. The slightest justification for the exercise of a legal right precludes sanctions. Only when the evidence is clear that no justification exists should sanctions be considered. Any lesser standard would serve to seriously impair the rights of a party as a litigant.
For the reasons assigned above, the judgment of the trial court imposing sanctions in the amount of $450.00 is reversed. In all other respects the judgment is affirmed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
NOTES
[1] This court has handed down this date another "sanctions" case entitled Ralph B. Fairchild v. Barbara Brainard Fairchild, 580 So.2d 513 (La. App.1991), under Article 863. The reasoning of that case is nearly identical to the instant case.
[2] In the petition Barrios, on behalf of plaintiffs, alleged:

XI
"Plaintiff Rosner purchased the truck from Benson-Chevrolet on May 30, 1988."
XII
"Benson-Chevrolet sold Rosner a vehicle which was defective and inadequate for the use intended."