JONES, Judge.
Fourteen years prior to the institution of this lawsuit, The Travelers provided an insurance policy to The Seafarer Corporation styled as “comprehensive auto — general liability” policy. The policy period was from 8/30/76 to 8/30/77. The language of the policy limited coverage to injuries which occurred during the policy period.
On May 10, 1988, Marion D. Bennett, was injured while employed by Delmar Systems, Inc. as an “oiler” assigned to the M/V SEA LEADER (M/V STONINGTON). The policy period ended more than ten (10) years before Marion Bennett’s accident. Yet in April, 1990, counsel for Bennett brought suit against The Travelers for an injury occurring more than ten (10) years after the coverage lapsed.
The Travelers filed a Motion for Summary Judgment on October 26, 1990 which was granted on November 30, 1990. The Travelers filed a Motion for Sanctions on the grounds that Bennett’s counsel failed to make reasonable inquiry into the law before joining The Travelers as a direct defendant in this cause of action. At a hearing held on January 18, 1991 The Travelers argued that such failure was grounds for sanctions under article 863 of the La. C.C.P. and Rule 11 of the F.R.C.P. The trial court entered judgment at that time in favor of The Travelers, imposing sanctions on Bennett’s counsel in the amount of two thousand nine hundred seventy-three and 59/100 ($2,973.59) dollars. Bennett’s counsel filed a Motion for Reconsideration which was heard on February 22, 1991. Following reconsideration, the trial court refused to modify its previous judgment. It is from this judgment that Bennett’s counsel appeals.
By its first three assignments of error, Bennett’s counsel argues that the trial court erred by failing to strictly construe article 863, by considering events and circumstances subsequent to the filing of Bennett’s amended petition joining The Travelers as a direct defendant and by concluding that Bennett’s counsel failed to make adequate inquiry into the facts. From the trial court’s reasons for judgment it appears that sanctions were granted solely because Bennett’s counsel failed to review a copy of the policy before joining The Travelers. The trial court stated: “A simple review of the policy would have answered the question.”
Bennett’s counsel argues that although he had not reviewed the policy at the time The Travelers was added, he had a good faith belief based on the information received from the maritime insurance broker and Mr. Carmen, another defendant, that The Travelers provided coverage for this claim.
Bennett’s counsel relied on a series of telephone conversations with co-defendant Townsend E. Carmen. Carmen identified The Travelers as the insurance carrier providing coverage through his employer, Seafarer Corporation. This information from Mr. Carmen was corroborated by Mr. Jeffrey Wiley of Adams and Porter of Houston, Texas, a maritime insurance brokerage firm. In a writing to Mr. Carmen, Mr. Wiley indicated that Mr. Carmen’s alleged negligent design of the M/V Stonington’s air starting system appeared to be covered by the CGL policy that The Travelers provided.
Bennett’s counsel admitted that it was based on this information that it joined The Travelers and they were asked to file an answer and provide a legal defense on behalf of Mr. Carmen. However, The Travelers argues that Bennett’s counsel had a duty to inquire, both as to the law and the facts, beyond the time the amended petition was filed. It argues that article 863 should not be interpreted so narrowly as to insu *1273 late Bennett’s counsel from an on-going obligation to make reasonable inquiry.
Whether The Travelers policy provided coverage was the substantive basis of the entire claim. As such, the representation or belief in question is on-going. Therefore, the conduct at issue is the reasonableness of Bennett’s counsel persisting in this claim beyond the date the amended petition was filed. Especially in light of the fact that a motion for summary judgment had been filed and Bennett’s counsel failed to oppose it. Citing Diesel Driving Academy v. Ferrier, 563 So.2d 898 (La.App.2d Cir. 1990), The Travelers argues that two of the factors to be considered in determining whether a reasonable inquiry, both as to fact and law, is being made imply an ongoing obligation to pursue and investigate “factual circumstances”: 1) the complexity of the factual and legal issues, and 2) the extent to which the development of the factual circumstances requires discovery.
Citing Gaiardo v. Ethyl Corporation, 835 F.2d 479 (3d Cir.1987), this court stated in Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506, 510 (La. App. 4th Cir.1991):
In determining a violation of Article 863 the trial court should 'avoid using the wisdom of hindsight and should test the signer’s conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted.’
We find that at the time The Travelers was added Bennett’s counsel had a well-grounded belief that The Travelers provided coverage for this claim. Furthermore, there is nothing to dispute the allegations of Bennett’s counsel that he did not receive a copy of the insurance policy until sometime after The Travelers had been joined as an additional party defendant on April 5, 1990. Bennett's counsel documented the communications he had with Mr. Carmen including a letter dated March 21, 1990 and the attached copy of correspondence from Jeffrey Wiley of Adams and Porter.
Bennett’s counsel cites Loyola, at 510 which states: “Only when the evidence is clear that no justification exists should sanctions be considered.” He argues that, like Rule 11 of the F.R.C.P., article 863
is not to be used simply because parties disagree as to the correct resolution of a matter in litigation. Rule ll’s use is intended only for exceptional circumstances .... Furthermore, nothing in the language of Rule 11 empowers the District Court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found to be unjustified.
Loyola, at 510; See also Fairchild v. Fair-child, 580 So.2d 513 (La.App. 4th Cir.1991); Barry W Miller, A Professional Law Corporation v. Poirier, 580 So.2d 558 (La.App. 1st Cir.1991).
Considering this sequence of events, we are of the opinion that the trial court erred in granting sanctions against Bennett’s counsel. Bennett’s counsel was reasonable in relying on the factual assertions of knowledgeable parties when it added The Travelers. Nor do we see any significant prejudice to The Travelers. Insurance companies are professional defendants that can reasonably expect to be called upon to defend claims in cases where they have not extended coverage.
For the foregoing reasons, the trial court’s judgment imposing sanctions on Bennett’s counsel pursuant to La.C.C.P. article 863 is reversed.
REVERSED.