699 So.2d 411 (1997)
Michael R. CONNELLY and Kay Connelly
v.
Donna Wright LEE.
No. 96 CA 1213.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
Rehearing Denied October 8, 1997.
*412 Michael R. Connelly, Baton Rouge, in Proper Person.
*413 Helen M. Edgington, Baton Rouge, for Defendant/Appellant Donna Wright Lee.
Before WHIPPLE and FITZSIMMONS, JJ., and TYSON[1], J. Pro Tem.
WHIPPLE, Judge.
This is an appeal from the trial court's judgment imposing sanctions pursuant to LSA-C.C.P. art. 863 against Michael R. Connelly, in proper person, for the filing of a petition for damages for legal malpractice against Donna Wright Lee. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Donna Wright Lee represented Marilyn M. Connelly, plaintiff's former wife, in custody and child support litigation between Marilyn and Michael Connelly, from 1987 continuously to the time that the instant suit was filed and throughout these proceedings. On February 2, 1993, plaintiff and his second wife, Kay Connelly, filed a petition entitled "Petition in Suit for Damages for Legal Malpractice" against defendant. The petition alleged, among other things, that the defendant had committed malpractice and that she had made remarks, "both orally and in writing," defaming Michael R. Connelly. Plaintiffs further alleged that defendant committed all the actions described in the petition intentionally and knowingly, with malice and with the specific intent to harm plaintiffs.
Defendant, through her attorneys, filed a peremptory exception raising the objection of no cause of action on March 17, 1993. She asserted that the petition did not allege actionable negligence or other misconduct on the part of defendant. Defendant argued that because plaintiffs did not have an attorney-client relationship with defendant, the rule enunciated by the Supreme Court in Penalber v. Blount, 550 So.2d 577 (La.1989) applied. Penalber held that an attorney does not owe a legal duty to his client's adversary when acting in the client's behalf absent intentional tortious conduct.
The matter came on for hearing on August 20, 1993, and on September 1, 1993, the trial court rendered a partial judgment of no cause of action. The judgment dismissed the claims of Kay Connelly, and the claims of Michael Connelly alleging legal malpractice against defendant. However, it granted Connelly an additional five (5) days from the date of judgment to amend his petition to specify factual allegations supporting the claim of defamation against defendant.
Plaintiff did not amend his petition, and on October 29, 1993, a hearing was held on defendant's motion to dismiss the suit with prejudice for failure of plaintiff to comply with the court's order. Plaintiff did not appear at the hearing. On November 2, 1993, the court rendered a judgment finally dismissing the suit with full prejudice to the rights of plaintiff against defendant and awarding all costs to defendant.
On November 2, 1994, defendant filed a motion and order for sanctions pursuant to LSA-C.C.P. art. 863. She argued that the petition filed by Connelly was not warranted by the facts and was interposed for an improper purpose, such as to cause delay, expense, or harassment. The rule was heard on January 12, 1995. At the hearing, plaintiff orally asserted the exception of prescription. He argued that the original partial judgment of no cause of action, rendered September 1, 1993, determined the date from which delays would run for asserting a claim for sanctions. Therefore, plaintiff argued, the claim had prescribed by November 2, 1994, the date defendant filed her motion for sanctions. The trial court denied the exception and plaintiff continued with his cross-examination of defendant at the hearing.
After allowing the parties to further brief the issues, the trial court rendered a judgment granting defendant's motion for sanctions and awarding defendant damages in the amount of $6,727.00, representing attorney fees, malpractice insurance rate increases, and loss of time from defendant's law practice, together with legal interest from the date of judicial demand until paid. The judgment was rendered on May 30, 1995. This appeal by Connelly followed.
*414 Plaintiff alleges on appeal that the trial court erred in ordering sanctions under LSA-C.C.P. art. 863; that it erred in refusing to allow plaintiff to cross-examine defendant to establish a factual basis for plaintiff's petition; that it erred in denying his exception of prescription; and that it erred in awarding damages, since there was insufficient evidence in the record to warrant the award.

DISCUSSION
In order to impose sanctions, a trial court must first find that one of the affirmative duties imposed by LSA-C.C.P. art. 863(B) has been violated. LSA-C.C.P. art. 863(D). Under the provisions of LSA-C.C.P. art. 863(B), an attorney certifies four things upon signing a pleading: (1) that the attorney has read the pleading; (2) that to the best of the attorney's knowledge, information and belief formed after reasonable inquiry, the pleading is well grounded in fact; (3) that the pleading is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and (4) that the pleading is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. A violation of any one of these duties fatally infects the entire certification. Martin v. Martin, 629 So.2d 1191, 1193-1194 (La.App. 1st Cir.1993), writ denied, 94-0029 (La.2/25/94); 632 So.2d 769; Succession of Thomas, 602 So.2d 1108, 1110 (La.App. 1st Cir.1992).
Louisiana Code of Civil Procedure article 863 imposes an obligation on litigants and their attorneys to make an objectively reasonable inquiry into the facts and law; subjective good faith will not satisfy this duty of reasonable inquiry. The standard of review by the appellate court has been referred to as the "abuse of discretion" standard. This standard is nothing more or less than the "manifestly erroneous" or "clearly wrong" criteria used by the appellate courts in reviewing a trial court's factual findings. Once the trial court finds a violation of Article 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the "abuse of discretion" standard. Sanchez v. Liberty Lloyds, 95-0956, p. 6 (La.App. 1st Cir. 4/4/96); 672 So.2d 268, 271, writ denied, 96-1123 (La.6/7/96); 674 So.2d 972. The obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Sanchez, 95-0596 at p. 6; 672 So.2d at 271-272; Succession of Thomas, 602 So.2d at 1110.
Among factors to be considered in determining whether reasonable factual inquiry has been made are (1) the time available to the signer for investigation; (2) the extent of the attorney's reliance on his client for the factual support for the document; (3) the feasibility of a prefiling investigation; (4) whether the signing attorney accepted the case from another member of the bar or forwarding attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim requires discovery. The factors for determining whether reasonable legal inquiry was made include (1) the time available to the attorney to prepare the document; (2) the plausibility of the legal view contained in the document; (3) the pro se status of the litigant; and (4) the complexity of the legal and factual issues raised. Sanchez, 672 So.2d at 272.
Bearing this in mind, we turn to plaintiff's petition to examine whether sanctions were warranted against him. Plaintiff filed a pleading entitled "Petition in Suit for Damages for Legal Malpractice," although he was not a client of defendant's. In Penalber, the Supreme Court analyzed whether a negligence or an intentional tort action could lie in favor of a non-client against an attorney. The Supreme Court concluded that there was a clear distinction between malpractice claims based on negligence and claims based on tort, and that an attorney could be held liable to a non-client for intentional tortious conduct, but that no cause of action would lie in favor of a non-client under theories of malpractice and negligence because the attorney *415 owes no duty to his client's adversary. Penalber, 550 So.2d at 578.[2]
The Supreme Court subsequently reaffirmed Penalber in Montalvo v. Sondes, 93-2813 (La.5/23/94); 637 So.2d 127. In that case, Sondes filed a "reconventional demand and third party demand" against the new attorneys [Bickford and Matthews] representing his former client, Montalvo, who had filed a malpractice action against Sondes. The Supreme Court held that the pleading did not state a cause of action inasmuch as it alleged only negligence and malpractice on the part of the new attorneys. Thus, where the facts in Sondes' petition did not establish that Bickford and Matthews intended to cause direct harm to defendant by filing the malpractice action on Montalvo's behalf, the petition was subject to dismissal for failure to state a cause of action. Montalvo, 93-2813 at p. 7; 637 So.2d at 132.
In the instant case, the trial court held that plaintiff's petition did not state a cause of action in negligence and malpractice against defendant, but allowed plaintiff five days to amend his petition to assert factual allegations in support of the claim of defamation. The petition's only allegation of an intentional tort was contained in paragraph 6, which read "In addition, petitioners allege on information and belief that defendant has made remarks both orally and in writing which are defamatory toward Michael R. Connelly and which go outside of the qualified privileges established by law." Plaintiff did not amend his petition and took no further action in the proceedings. He did not appeal the judgment, rendered November 2, 1993, dismissing the lawsuit.
At the hearing on the motion for sanctions, defendant testified that she had experienced personal animosity from the plaintiff once he began representing himself in proper person during the custody and support proceedings between him and his former wife. Plaintiff cross-examined defendant concerning statements about his children which defendant allegedly made during custody hearings in late August of 1993.[3] However, the trial court refused to allow this evidence, ruling that it was not relevant to the request for sanctions which was the sole matter before the trial court.
In its reasons for judgment, the trial court found no merit to plaintiff's contention that his allegations of the intentional tort of defamation should somehow exculpate him from sanctions. The trial court reasoned that since plaintiff was both an attorney and a plaintiff in the case, he was not relying on factual assertions being supplied by a client in making a conclusory allegation of defamation. The trial court opined that plaintiff had been allowed an opportunity to come forward and present any defamatory statements made by the defendant, and that his failure to do so indicated to the court that his allegations of defamation were made solely in an attempt to circumvent the clear expression of the law as enunciated in Penalber, and to harass his former wife's attorney.
We agree with the trial court that plaintiff's actions in filing the lawsuit for "legal malpractice" warrant sanction. The affirmative duty to assure that the pleading was well grounded in fact and warranted by existing law was violated by plaintiff. We find no error in the trial court's factual determination that he was certainly aware of the existing law concerning actions by non-clients against attorneys, and that he failed to make factual allegations constituting an intentional tort, even though he was allowed time by the court do so. We also agree, from a careful evaluation of the law and the evidence in this matter, with the trial court's conclusion that the petition originally filed was a pleading *416 interposed for an improper purpose, to harass his former wife's attorney, and that plaintiff violated the affirmative duty imposed by LSA-C.C.P. art. 863. However, we must still address plaintiff's argument that defendant's motion for sanctions was untimely.
Plaintiff's primary argument concerning prescription is that if LSA-C.C.P. art. 863 has any prescriptive period, it must be one year. Thus, plaintiff argues, defendant's filing of the motion for sanctions fourteen months after the partial judgment of no cause of action was barred by prescription, because as of September 1, 1993, the claims for negligence and malpractice were dismissed. Defendant did not bring her motion until November 2, 1994, exactly one year after the judgment dismissing plaintiff's petition was signed.
First, we note that plaintiff is mistaken about the effect of the partial judgment of no cause of action signed September 1, 1993. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993) held that a judgment maintaining an exception of no cause of action and dismissing the action completely is a final judgment which is appealable. However, a judgment partially maintaining an exception of no cause of action is a partial final judgment and therefore appealable only if authorized by LSA-C.C.P. art.1915.[4]
Here, plaintiff's action asserted separate and distinct causes of actionnegligence and malpractice claims, and a claim of defamation, which is an intentional tort. Therefore, the trial court's judgment maintaining defendant's exception of no cause of action as to the negligence and malpractice claims, and denying it as to the claims asserting the intentional tort of defamation, was an interlocutory judgment not appealable in the absence of irreparable injury. Everything On Wheels Subaru, 616 So.2d at 1239-1241. It was not until the trial court's judgment of dismissal was signed November 2, 1993, that a final, appealable judgment was rendered. Defendant's motion for sanctions was brought within a year of that date.
We note that LSA-C.C.P. art. 863 is silent as to when a motion for sanctions should be filed, and our review of the case law reveals no cases directly addressing this issue. However, we note that Article 863 is derived from Rule 11 of the Federal Rules of Civil Procedure, and because there is limited jurisprudence interpreting and applying Article 863, the federal decisions applying Rule 11 provide guidance. Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506 (La.App. 4th Cir.1991). Therefore, we look to cases under Federal Rules Civ. Proc. Rule 11, 28 U.S.C.A., for guidance in our resolution of this matter.
In General Motors Acceptance Corporation v. Charlie Bates Chevrolet-Buick, Inc., 954 F.2d 1081 (5th Cir.1992), the court considered a claim that a 33-month delay between the offending conduct and the motion for sanctions was inordinate and required a rejection of the request for sanctions. Relying *417 on the advisory committee notes to Rule 11 stating that "[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so," the court held that when the primary purpose for imposing sanctions is to deter, "it is precept that sanctions be imposed within a time frame that has a nexus to the behavior sought to be deterred." General Motors Acceptance Corporation, 954 F.2d at 1086, citing Thomas v. Capital Security Services, Inc., 836 F.2d 866 (5th Cir. 1988) (en banc). Considering the facts in this case, we feel that the imposition of sanctions within a year after plaintiff filed his objectionable petition serves the policy purpose of deterrence and is not so remote in time from the behavior sought to be deterred as to violate any due process or notice requirements which may apply. We recognize that the imposition of sanctions should only occur when the evidence is clear that there is no justification for the legal right exercised. Martin, 629 So.2d at 1195. Here, we find that sanctions were warranted because plaintiff filed his petition without an adequate basis in fact or in law. Moreover, a year delay from the filing of plaintiff's petition is not inordinately long.
Plaintiff also argues, however, that because he did not amend his lawsuit within the five-day period granted by the trial court and did not pursue the claim, under the language in Fed. Rules Civ. Proc. Rule 11, 28 U.S.C.A., he effectively withdrew the challenged claim and no motion for sanctions should be allowed. Federal Rule 11(c)(1)(A) provides that a motion for sanctions shall not be filed with or presented to the court unless, within 21 days after the service of the motion, the challenged claim is not withdrawn or appropriately corrected. We do not agree that plaintiff's failure to amend his lawsuit and his failure to appear at hearings after the hearing on defendant's exception of no cause of action constitutes a deliberate, intentional dismissal of the claim as would constitute the withdrawal contemplated by Fed. Rules Civ.Proc. Rule 11(c)(1)(A).
Finally, plaintiff argues that there was insufficient evidence in the record for the trial court to award damages in the amount of $6,727.00. The record reflects that defendant testified as to the amount of attorney fees she was required to pay for defense of the legal malpractice action against her, the amount of increased legal malpractice insurance premiums she was required to pay as a result of the lawsuit, and her own time spent in defending the lawsuit. The evidence is adequate to justify the award the trial court made to defendant. We will not disturb such a finding absent an abuse of discretion. See Sanchez v. Liberty Lloyds, 95-0956 at p. 6; 672 So.2d at 271.
Accordingly, the judgment of the trial court is AFFIRMED. All costs are assessed to plaintiff-appellant, Michael R. Connelly.
AFFIRMED.
FITZSIMMONS, J., dissents and assigns reasons.
FITZSIMMONS, Judge, dissenting with reasons.
I agree with the quote, relied on by the majority, from the comments to Rule 11, found in General Motors Acceptance Corporation v. Bates, 954 F.2d 1081 (5th Cir.1992): "[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." The comment goes on as follows:
The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.
"Safe harbor" provisions encourage the parties to quickly resolve disputes without the need for sanctions. The "safe harbor" provision of Rule 11 requires that the motion for sanctions be served on the opponent, but not filed until the opponent has had 21 days to remove the challenged material, or dismiss the pleading. Louisiana Code of Civil Procedure article 863 F contains a more stringent and narrow "safe harbor" provision. Article 863 F provides that a petition filed within 60 days of the tolling of a prescriptive period *418 and dismissed within 90 days of the filing, or on the date of a hearing on the pleading, is not subject to sanctions. I agree that the "safe harbor" provisions do not answer the question of timeliness, but the provisions do reaffirm the goals of Rule 11, and, I believe, article 863: prompt notification to the court and the parties of challenged material, deterrence of further abuse, and timely resolution of the dispute. See General Motors Acceptance Corporation v. Bates, 954 F.2d at 1086. Prompt notification preserves the ability of the parties to assert or defend the challenge and avoids cumulation of damages.
Until the legislature decides to provide specific guidance or set a time period for filing of motions for sanctions, the question of when a motion for sanctions should be filed and served is best decided on a case by case basis. See Rule 11, Advisory Comments to the 1993 Amendment. "Ordinarily, the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery." Rule 11, Advisory Comments to 1993 Amendment (emphasis added).
The sanctionative pleading that Ms. Lee points to is the petition for damages against Ms. Lee. That petition was filed on February 2, 1993. The motion for sanctions was not filed until after the suit was dismissed, and 17 months after the filing of the challenged petition. Under the circumstances of this case, I believe that the filing of the motion for sanctions was untimely. A motion for sanctions is not a tort action, with a mandatory prescriptive period of one year, but an action under article 863. Notice should have been given to the court while the original action was still pending or within a reasonable period of time after the filing of the challenged pleading.
I cannot agree with the majority decision that starts counting from the final dismissal of the action. This is not a suit for malicious prosecution with a requirement that the challenged prosecution be terminated before the suit for malicious prosecution can be filed. Ms. Lee argued that the petition filed by Mr. Connelly violated article 863 because it was not warranted by the facts and was interposed for an improper purpose. The record contains nothing that would lead me to believe that Ms. Lee was not aware of these problems at the time of the filing of the challenged petition. If Ms. Lee was uncertain about the inappropriateness of the pleading while the original suit was pending or shortly thereafter, Mr. Connelly should not be sanctioned for filing the petition. For these reasons, I respectfully dissent.
NOTES
[1] The Honorable Ralph Tyson, Judge, 19th Judicial District Court, is serving as judge pro tempore by special designation of the Louisiana Supreme Court.
[2] It is somewhat noteworthy that plaintiff in the present case was the same attorney involved in Penalber whose actions were determined by the Supreme Court to give rise to a cause of action in intentional tort by a non-client.
[3] Plaintiff contends he was improperly denied cross-examination at the hearing. We note that plaintiff's petition was filed in February of 1993 and therefore any evidence as to statements made by defendant in August of 1993 was not relevant to the issue of whether plaintiff had made a reasonable factual or legal inquiry into the facts and the law before he filed suit against defendant. Plaintiff's argument that he was denied cross-examination at the hearing, therefore, has no merit. Instead, the trial court properly denied further testimony on cross-examination at the hearing on defendant's motion for sanctions.
[4] LSA-C.C.P. art.1915 provides as follows:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
In this case, the judgment on the exception of no cause of action dismissed Kay Connelly's claim entirely, thus dismissing the suit as to less than all of the plaintiffs; however, it dismissed Michael Connelly's suit only as to the negligence and malpractice claims. Therefore, the judgment is not a partial final judgment authorized by LSA-C.C.P. art.1915, from which an appeal may be taken, but a partial judgment which is interlocutory in nature. LSA-C.C.P. art.2083.