Dear Mr. D'Antonio
In correspondence of recent date, you advise that your office has been presented with a citizen's petition requesting that suit be filed seeking the removal of Mr. Allen Harris from the Fire Civil Service Board for St. Tammany Fire Protection District Number 12. You raise a number of questions concerning the proposed lawsuit, specifically the following:
 1. Does the law mandate that suit be filed by the District Attorney's office merely upon the presentation of a petition signed by twenty-five citizens and taxpayers?
 2. Whether the District Attorney must investigate the allegations presented in such a petition and determine the validity and merits of same? and,
 3. If, after investigation, the said allegations are deemed without merit and/or frivolous, whether the District Attorney has discretion in deciding to bring on such action or not?
You relate that of import are the provisions of LSA-R.S. 33:2536
(H) which provides for the removal of a board member, stating:
 H. Any member of a board shall be liable to removal from office by judgment of the district court of his domicile for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, oppression in office, gross misconduct, or habitual drunkenness. The district attorney of the district wherein the board member resides may institute such suit and shall do so upon the written request, specifying the charges of twenty-five citizens and taxpayers of the municipality, parish or fire district, as the case may be, of which the board member is a resident. . . . (Emphasis added).
While LSA-R.S. 33:2536 (H) alone appears to compel the district attorney to go forward with such a lawsuit if properly petitioned by twenty-five citizens and taxpayers of the municipality, the statute must be construed with other provisions of the law which are applicable in this instance.
Note that the Louisiana Code of Civil Procedure requires the district attorney to sign the filed petition as Article 863 provides:
Art. 863 Signing of pleadings, effect
 A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
 B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
 D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person whom made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
 E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
 F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier. (Emphasis added).
A lawyer's signature on the pleading constitutes his certification that he is proceeding with the litigation in good faith. He is subject to sanctions as stated in Article 863 if the court determines that he has failed to make reasonable inquiry into the facts from which allegations reflected in the petition arise.
As stated in Sanchez vs. Liberty Lloyds, 672 So.2d 268
(La.App. 1st Cir. 1996), note that the obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Loyola v. A Touch of Class Transportation Service,Inc. 580 So.2d 506 (La.App. 4th Cir. 1991) at pages 509-510.
Among the factors to be considered in determining whether a reasonable factual inquiry has been made are:
 1. The time available to the signer for investigation;
 2. The extent of the attorney's reliance on his client for the factual support for the document;
 3. The feasibility of a prefiling investigation;
 4. Whether the signing attorney accepted the case from another member of the bar and forwarding attorney;
 5. The complexity of the factual and legal issues; and
 6. The extent to which development of the factual circumstances underlying the claim requires discovery. Loyola, supra, at page 510.
The factors for determining whether reasonable legal inquiry has been made include:
 1. The time available to the attorney to prepare the document;
 2. The plausibility of the legal view contained in the document;
3. The pro se status of the litigant; and
 4. The complexity of the legal and factual issues raised. Loyola, supra, at page 510.
As noted in the cited cases, it is incumbent upon the district attorney to refrain from going forward with the lawsuit if his investigation fails to warrant further inquiry.
To conclude that the statute compels the district attorney to proceed ignores the obligation imposed upon him by law to make a dutiful inquiry into the veracity of the facts presented. We conclude that although LSA-R.S. 33:2536 (H) would require you to investigate the matter presented, you are in fact mandated by law to refrain from proceeding if in the exercise of your legal expertise you determine that the lawsuit is without merit.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams